**So Ordered.**

**Dated: September 21st, 2020**



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 19-01326-FPC7 |
| ALEXANDER, MICHAEL & ROCHELLE, | |
| Debtors. | |
| JOHN D. MUNDING, CHAPTER 7 TRUSTEE, | Adversary No. 20-80026-FPC |
| Plaintiff, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S OBJECTION TO PROOF OF CLAIM 9-4** |
| v. | |
| MARCIA M. MEADE, a.k.a. DAWSON MEADE, P.S. | |
| Defendant. | |

This adversary case came to trial pursuant to a scheduling order entered on August 7, 2020. (Adv. Case No. 20-80026, ECF No. 4). The scheduling order provides, in accordance with the parties' agreement and the Court's approval, that the trial will be by declarations with no live testimony presented. The Court

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** – Page 1

considered all of the submitted declarations, the admitted exhibits, and closing arguments of counsel that took place on September 3, 2020. Based on the foregoing, the Court enters the following findings of fact, conclusions of law, and order:

## FINDINGS OF FACT[1]

1.      Debtors Michael and Rochelle Alexander filed their Chapter 7 bankruptcy on May 17, 2019. (ECF 1).

2.      Prior to their bankruptcy, the Debtors hired Marcia M. Meade and Mark Vovos on a contingent fee basis to represent Ms. Alexander in litigating a medical negligence claim ("Medical Litigation"). The Medical Litigation was commenced on April 12, 2017 in the Washington State Superior Court for the County of Spokane by Ms. Meade's law firm, Dawson & Meade P.S.[2]

3.      On June 29, 2018, Ms. Meade and her husband Edward Dawson, who were doing business as Dawson & Meade P.S., filed a Chapter 11 bankruptcy petition. This Chapter 11 bankruptcy proceeding is still pending in this court (Case No. 18-01857-FPC11).

---

[1] Where a finding of fact is actually a conclusion of law, it shall be treated as such and vice versa.
[2] *Rochelle A Alexander v. Providence Health & Services*, Case: 17-20-13522.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** – Page 2

4.  During the pendency of the Medical Litigation, Ms. Meade was suspended from practicing law.[3] Additionally, her law firm was dissolved during the Medical Litigation.[4]

5.  On September 10, 2019, prior to the dissolution of Dawson & Meade, P.S., Ms. Meade filed Proof of Claim 9-1 in the Alexander's bankruptcy proceeding for an unsecured, "unknown" amount.

6.  On February 19, 2020, Ms. Meade filed amended Proof of Claim 9-2, in the amount of $79,110.56, and alleged the claim was secured pursuant to 11 U.S.C. § 507(a)(4).

7.  On February 20, 2020, Ms. Meade filed amended Proof of Claim 9-3, in the amount of $79,110.56, and alleged the claim was unsecured.

8.  The final amended claim, Proof of Claim 9-4, was filed on February 24, 2020 in the amount of $79,110.56. Proof of Claim 9-4 was alleged to be secured by an "Attorney lien on cause of action" she valued at $1,000,000. In Proof of Claim 9-4, Ms. Meade alleged the lien was perfected pursuant to RCW 60.40.010.

---

[3] Between January 17, 2019 and April 4, 2019, Ms. Meade was suspended from practicing law in Washington. Her license to practice was again suspended on March 13, 2020.
[4] On December 3, 2019, Dawson Meade, P.S. was administratively dissolved, and thus was no longer licensed to conduct business in Washington.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** – Page 3

9. On June 23, 2020, Mr. Munding filed an Objection to Proof of Claim No. 9. (ECF No. 69).

10. Pursuant to the Court's scheduling order entered on August 4, 2020, Mr. Munding's Objection was deemed to be a Complaint. ("Complaint") (Adv. Case No. 20-80026, ECF No. 1).

11. In his Complaint, Mr. Munding alleges that (i) Ms. Meade is not licensed in the State of Washington and therefore cannot assert an attorney lien under RCW 60.40.010; (ii) Ms. Meade does not hold a valid, enforceable, or perfected attorney lien pursuant to RCW 60.40.010; (iii) Ms. Meade breached the Attorney Contingent Fee agreement (attached to Proof of Claim No. 9) when she was suspended from practicing law and could not perform under the agreement; (iv) Dawson & Meade, P.S. does not have standing to assert a claim, as it is not a law firm or attorney in good standing in the State of Washington, and cannot claim a lien under RCW 60.40.010; and (v) if the court determines that Ms. Meade or Dawson & Meade P.S. have standing under *quantum meruit*, then the claim should be limited to the actual amount of legal services and/or costs that are justified, reasonable, and of value to advancing the Medical Litigation prior to May 17, 2019.

12. Pursuant to the scheduling order, Ms. Meade's Response was deemed the Answer. ("Answer") (Adv. Case No. 20-80026, ECF No. 3).

13.     In her Answer, Ms. Meade argues that Dawson & Meade P.S. can conduct business in Washington, that receipts for her $79,110.56 in advanced costs were given to Mr. Munding while her license was in good standing, and that those costs were incurred while she was licensed. Additionally, Ms. Meade alleges that the Trustee "engaged in actions that substantially *wasted* the value of the [Medical Litigation]." Finally, Ms. Meade argues the Court should award her the remaining settlement funds and asks the Court to deny Mr. Munding's objection on the basis of laches.

14.     Mr. Munding timely and diligently administered the Alexander's bankruptcy estate, including the prosecution of his objection to Ms. Meade's claim. Mr. Munding's objection to Ms. Meade's claim was timely.

15.     Ms. Meade was able to complete only a portion of the services promised in her contract with the debtors as she was suspended from the practice of law from January 17, 2019 through April 4, 2019.

16.     In the reasonable exercise of his business judgment as the trustee, Mr. Munding hired Mr. Vovos as Special Counsel for the Trustee to pursue the Medical Litigation. (ECF No. 24).

17.     The work of both Mr. Munding and Mr. Vovos was crucial to obtaining a fair settlement of the Medical Litigation. Without their efforts, a fair resolution of the Medical Litigation could not have been accomplished.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** – Page 5

18.     Based on the evidence presented, the Court concludes that Ms.
Meade's service as counsel for Ms. Alexander, including her initiation of the
Medical Litigation prior to her suspension, provided value to the estate. However,
the Court also finds that Ms. Meade's suspension limited the value of the services.

19.     Ms. Meade's accounting shows that she advanced $110,686.22 for
pre-trial preparations, discovery, and obtaining testimony from 14 different expert
witnesses, but notes she was partially reimbursed by Mr. Vovos. Ms. Meade's
outstanding advanced costs total $79,110.56. (ECF No. 32).

20.     While Ms. Meade did perform valuable work prior to her suspension
and prior to the debtors filing bankruptcy, the total number of experts hired and
also the amount of money spent to obtain the expert opinions was excessive. (Adv.
Case No. 20-80026, ECF 8, ¶152).

21.     Mr. Vovos negotiated a settlement of the Medical Litigation, and Mr.
Munding moved, after appropriate notice, for the Court to approve the settlement.
(ECF No. 25).

22.     Ms. Meade objected to the proposed settlement. (ECF No. 34)

23.     The Court reviewed all the pleadings, heard argument from Ms.
Meade, listened to the comments of Mrs. Alexander who strongly supported the
settlement, overruled the objection, and approved the settlement on March 19,
2020. (ECF No. 66).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** – Page 6

24.     The settlement provided for a gross settlement amount of $200,000; however, after necessary payments (including Ms. Alexander's exemption, an insurance company's lien, and Mr. Vovos' fee), the balance of funds held by Mr. Munding as the trustee total $61,312.42 as of August 13, 2020. (Adv. Case No. 20-80026, ECF 6).

25.     Ms. Meade's assertions about the dollar amount a jury might have awarded is speculative, and the Court finds that the settlement proposed by Mr. Munding was fair and in the best interests of all interested parties. In lieu of a settlement, success at trial was not certain, but it is certain that participating in trial would have resulted in significant expenses. The court finds no evidence to support Ms. Meade's contention that the Trustee "wasted" the value of the Medical Litigation.

26.     The bulk of the effort to consummate the settlement was exerted by Mr. Munding and Mr. Vovos, not Ms. Meade, as they achieved a settlement that not only Ms. Alexander favored, but one that provided additional funds for the bankruptcy estate.

27.     There would not be any funds related to the Medical Litigation without the efforts of Mr. Munding and Mr. Vovos.

28.     After weighing all the facts, the reasonable value of the services provided by Ms. Meade, together with the costs she advanced, is $10,000.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** – Page 7

29.     A secured claim for Ms. Meade in the amount of $10,000 renders this case administratively insolvent because the Chapter 7 Trustee holds $61,312.42 of funds, prior to paying Ms. Meade's $10,000 secured claim, and he estimates that there are priority administrative expenses of $51,651. (Adv. Case No. 20-80026, ECF No. 1).

## CONCLUSIONS OF LAW

1.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(B), and 1334(b).

2.     RCW 60.40.010 creates a lien in favor of attorneys for services rendered. A party seeking to invalidate a statutory lien bears the burden of producing evidence to justify the motion. *Gustafson v. City of Seattle*, 87 Wash. App. 298, 304, 941 P.2d 701 (1997).

3.     RCW 60.40.010(1)(d) provides that an attorney has a lien for compensation, whether specially agreed upon or implied, "[u]pon an action, including one pursued by arbitration or mediation, and its proceeds after the commencement thereof to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement."

4.     Proceeds, as described in RCW 60.40.010(1)(d), means any monetary sum received in the action. RCW 60.40.010(5).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** – Page 8

5. Liens created by RCW 60.40.010(1)(d) are superior to all other liens. RCW 60.40.010(3).

6. A lien under RCW 60.40.010(1)(d) is not affected by settlement between the parties to the action until the lien of the attorney for fees based thereon is satisfied in full.

7. Where an attorney lien is claimed against a judgment, the court may determine all questions affecting the judgment in some form of proceeding. *King Cty. v. Seawest Inv. Assocs.*, LLC, 141 Wash. App. 304, 314, 170 P.3d 53 (2007). A proceeding to enforce a lien is an equitable proceeding. Courts have broad discretion when fashioning equitable remedies. *Id.*

8. When valuing services performed by an attorney who was discharged or otherwise prevented from fully performing under a contingent fee agreement, the court must consider the value of the "services actually performed" by the attorney rather than relying on the contingent fee agreed upon. *Ross v. Scannell*, 97 Wash. 2d 598, 608-09, 647 P.2d 1004, 1010 (1982) citing *Ramey v. Graves*, 112 Wash. 88, 91 (1920).

9. Considering the services actually performed and the costs actually incurred by Ms. Meade, the court has determined that Ms. Meade's services and costs provided a value of $10,000. Thus, Ms. Meade's Proof of Claim 9-4 is secured up to $10,000 by an attorney's lien pursuant to RCW 60.40.010(1)(d).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** – Page 9

10.    The unsecured balance, if any, of Ms. Meade's claim need not be determined by the Court because the total of Ms. Meade's $10,000 secured claim and administrative priority claims will exceed the amount of funds in the Alexanders' bankruptcy estate.

## **ORDER**

Based on the above findings of fact and conclusions of law, it is ORDERED:

1. Mr. Munding's Objection is **GRANTED IN PART** and **DENIED IN PART;**

2. Ms. Meade's Proof of Claim 9-4 shall be deemed secured up to $10,000.


///End of Order///

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** – Page 10